UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MELES ABREHA FETWI,

                    Petitioner,                    Case No. 1:26-cv-1450

v.                                                 Honorable Hala Y. Jarbou

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.    Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on May 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on May 8, 2026, (ECF No. 5.)

## II.    Factual Background

Petitioner "is a native and citizen of Eritrea who was admitted to the United States at the Chicago O'Hare International Airport in Illinois on January 27, 2009, as a refugee." (Anderson Decl., ¶ 4, ECF No. 5-1, PageID.34.) On May 10, 2010, Petitioner filed s Form I-485, Application to Register Permanent Residence or Adjust Status, through the United States Citizenship and Immigration Services (USCIS). (*Id.*, ¶ 5.) USCIS approved Petitioner's Form I-489 Application on March 31, 2011. (*Id.*, ¶ 6.)

Between May 2013 and December 2021, Petitioner was convicted of a variety of offenses. *Id.*, ¶¶ 7–16, PageID.35–36.)

On November 15, 2022, ICE agents arrested Petitioner and served him with a Form I-862, Notice to Appear, charging him with removability pursuant to §§ 237(a)(2)(A)(iii) and 237(a)(2)(C) of the Immigration and Nationality Act (INA). (Anderson Decl., ¶ 17. ECF No. 5-1, PageID.36.) On February 16, 2023, an immigration judge ordered Petitioner removed to Eritrea. (*Id.*, ¶ 20, PageID.37.) Petitioner did not file a timely appeal. (*Id.*) Therefore, Petitioner's order of removal became final on March 20, 2023.[1]

On August 16, 2023, ICE released Petitioner from custody and placed him on an Order of Supervision because there was no significant likelihood of removal in the reasonably foreseeable future at the time. (*Id.*, ¶ 23, PageID.38.)

---

[1] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Petitioner had 30 days from the date of the decision to appeal to the BIA. 8 CFR § 1003.38, 8 CFR § 1240.15.

After Petitioner's release on the Order of Supervision, Petitioner was convicted of carrying a concealed weapon as a habitual offender, miscellaneous public order crime, liquor excluding traffic, and obstructing police. (*Id.*, ¶¶ 24, 25, PageID.38.)

On January 10, 2026, ICE agents arrested Petitioner for violating the conditions of his Order of Supervision. (*Id.,* ¶ 26.) On January 23, 2026, and again February 10, 2026, ERO provided documentation to Petitioner to complete regarding his Eritrea citizenship. (*Id.*, ¶¶ 27–28.) Each time, Petitioner claimed that he did not know the necessary information to complete the documentation. (*Id.*)

On February 27, 2026, ERO served Petitioner with a Form 71-091, Notice of Revocation of Release, advising Petitioner that his release was revoked pursuant to 8 C.F.R. § 241.13(i). (*Id.*, ¶ 29, ECF No. 5-1, PageID.39; Notice of Revocation, ECF No. 5-2, PageID.38– 39.) Petitioner's release was revoked because Petitioner violated the conditions of his release by failing to report to ERO as ordered on August 16, 2023, and for his multiple arrests and/or convictions following his prior release. (*Id.*) As of April 9, 2026, ICE was awaiting a response from the Eritrean government to schedule a national identification interview for the issuance of Petitioner's travel documents. (*Id.,* ¶ 30.)

On February 23, 2026, Petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Fetwi v. Raycraft* (*Fetwi I*), No. 1:26-cv-602 (W.D. Mich.) On March 18, 2026, the Court denied Petitioner's first petition in *Fetwi I* without prejudice. Op. and Jud., *Fetwi I*, (W.D. Mich. Mar. 18, 2025) (ECF Nos. 7, 8).

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Merits Discussion

Given that Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Petitioner, however, contends that his detention is unlawful. In response, Respondents argue that Petitioner has been detained for approximately four months and cannot meet his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future and, therefore, is not eligible for release.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final on March 20, 2023. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government

must respond with evidence sufficient to rebut that showing." *Id. Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner has been detained less than six months. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner contends that his removal is not reasonably foreseeable because Eritrea refused to issue travel documents for Petitioner in 2023 and because Petitioner does not have a birth certificate because he was born at home. (Pet., ECF No. 1, PageID.7.) However, these assertions are insufficient to meet Petitioner's burden to *prove* that "there is no significant

---

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

likelihood of removal in the reasonably foreseeable future," particularly where Petitioner has refused to cooperate in providing the information necessary to complete the paperwork required for the travel documents. *Zadvydas*, 533 U.S. at 701. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## V.       Other Claims and Other Forms of Relief

Because the Court will deny Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice

Dated: May 19, 2026                                      /s/ Hala Y. Jarbou
                                                                        HALA Y. JARBOU
                                                                        CHIEF UNITED STATES DISTRICT JUDGE